[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant A.M. Rizzo Electrical Contractors, Inc. (Rizzo) moves for summary judgment to enter in its favor on the second, sixth, eighth and ninth counts of the plaintiffs second revised complaint dated April 19, 2001. Because the court finds that a genuine issue of material fact exists as to whether Rizzo breached its duty of care to the plaintiff and exercised control over or responsibility for certain property, the motion is denied.
The plaintiff alleges that Rizzo was negligent in its installation and CT Page 13257 maintenance of the traffic light and walk signal at the intersection where the minor plaintiff was injured. The plaintiff also alleges that Rizzo created a nuisance in its installation of the traffic signals. The plaintiff alleges further that the defective signals caused the accident injuring the minor plaintiff because they signaled the defendant driver to turn left onto Christopher Road while, at the same time, signaling the plaintiff pedestrian to cross Christopher Road.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty Surety Co., 236 Conn. 343, 351 (2001).
The court has reviewed the pleadings and responses to requests for admission, as well as the affidavit of Rizzo's president. See Rosenblitv. Danaher, 206 Conn. 125, 136 (1988) (a trial court may consider whether an affiant has an interest in the outcome of the litigation in ascribing weight to affidavits); Graner v. Trek Bicycle Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396854 (June 29, 1993, Wagner, J.) (an affidavit by a party to litigation is a "slender [reed] on which to anchor a summary judgment"). Based upon a review of these documents, the court finds that because Rizzo installed the controller that governed the traffic and walk signals, there is an issue of fact as to whether the duty owed by Rizzo for the allegedly defective signals was breached. See Gazo v. Stamford, 255 Conn. 245, 250
(2001); Jaworski v. Kiernan, 241 Conn. 399, 404-06 (1997).
The court also finds that based on the evidence, there is an issue of fact as to whether Rizzo exercised control over the traffic control signal such that recovery on the nuisance claim may be had. See Elliottv. Waterbury, 245 Conn. 385, 420 (1998) (setting forth the elements of a nuisance claim); State v. Tippetts-Abbett-McCarth-Stratton, 204 Conn. 177,184 (1987) (defendants must exercise control over the property that is the source of the nuisance). Furthermore, the court does not agree with Rizzo's contention that the plaintiffs bystander emotional distress claim should fail for the same reason because the evidence shows that there is still an unresolved issue of fact regarding who was responsible for the defective traffic control sequencing.
For the foregoing reasons, the motion is denied in its entirety.
DiPentima, J. CT Page 13258